UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRACIE A. KEEHLEY,

                           Plaintiff,

             -v-

VERNON C. STINER &
MOTOR CARRIER SERVICES, LLC,

                           Defendants.

DECISION & ORDER

16-CV-6603 (CJS)

---

      This state law negligence action was removed to this Court on August 18, 2016 pursuant to 28 U.S.C. § 1441(b) based on diversity of citizenship. The matter is presently before the Court on a motion by Defendants Vernon C. Stiner and Motor Carrier Service, LLC (collectively, "Defendants") to preclude any claims of emotional, behavioral, psychiatric, or non-physical injuries Plaintiff Tracie A. Keehley may allege she sustained as a result of the motor vehicle accident at the root of this litigation. In the alternative, Defendants ask the Court to grant them partial summary judgment on such claims. Mot. for Partial Summ. J., Mar. 16, 2020, ECF No. 47. For the reasons that follow, Defendants' application to preclude Plaintiff's claims, and their motion for partial summary judgment [ECF No. 47] are both denied. Defendants' request to re-open discovery is granted.

BACKGROUND

      The following facts are drawn from the parties' respective statements of fact, required under the local rules for summary judgment motions. On October 19, 2015, the

1

tractor trailer driven by Defendant Vernon C. Stiner, who was employed by Defendant Motor Carrier Services, LLC, crashed into the rear-end of a vehicle driven by Plaintiff Tracey Keehley. Pla. Statement, ¶ 1, June 29, 2020, ECF No. 51. The crash occurred on Interstate 490 East, approximately one mile west of Churchville, New York. *Id*. On July 19, 2016, Plaintiff filed an action in New York State Supreme Court to recover for personal injuries she suffered as a result of the crash. *Id.* Defendants filed an answer on August 3, 2016, and shortly thereafter sought removal to this Court under 28 U.S.C. § 1441. Pla. Statement at ¶ 2–3.

On February 13, 2017, Defendants served on Plaintiff their first set of interrogatories, and first request for production. Pla. Statement at ¶ 7. In response, in April 2017, Plaintiff provided a list of names for medical offices and hospitals in which she had been treated to that date, and soon thereafter provided authorizations to Defendants to obtain medical records from those providers. *Id.*

On May 8, 2017, Plaintiff saw John T. Langfitt, Ph.D. of the URMC Neuromedicine Pain Management center for a "Neuropsychological Consultation." Def. Statement, ¶ 24, Mar. 16, 2020, ECF No. 47-1; Pla. Statement (Ex. 10), 106, June 25, 2020, ECF No. 52. In his assessment, Dr. Langfitt wrote "[t]he patient has a number of cognitive complaints that have not improved since a motor vehicle collision on 10/19/15 . . . . [t]hese complaints also have occurred in the context of significant chronic pain and significant depressive symptoms as a result of peripheral injuries." Pla. Statement (Ex. 10) at 108.

At some point in September or early October 2017, Plaintiff was evaluated by Michael J. Kuttner, Ph.D., a clinical psychologist. Pla. Statement at ¶ 7. In his

2

evaluation, Dr. Kuttner observed that Plaintiff "is having a difficult time in managing her [Motor Vehicle Accident ("MVA")] injury loss of functional capacity and endurance . . . . She appears to have developed a strong chronic pain syndrome . . . . She also meets criteria for posttraumatic stress disorder." Def. Statement (Ex. G), 81, Mar. 16, 2020, ECF No. 47-1. Dr. Kuttner also observed that Plaintiff "is responding to the MVA injury related loss of functional capacity, endurance pain and suffering with an increase in anxiety and depression . . . . This affective response is directly related to the MVA injury of 10/2015." Def. Statement (Ex. G) at 82. Plaintiff returned to Dr. Kuttner for treatment sessions on October 10, 2017, October 24, and October 31, but then stopped seeing him. Pla. Statement at ¶ 7, 33.

On or about October 31, 2017, Plaintiff served a Rule 26 supplemental disclosure on Defendants that added Dr. Kuttner as one of Plaintiff's treating medical providers. Pla. Statement at ¶ 7. Soon thereafter, she also provided Defendants with authorization to obtain her psychological treatment records from Dr. Kuttner. *Id.* In September 2018, Plaintiff provided Defendants with supplemental copies of treatment records from her visits to Dr. Kuttner. Pla. Statement at ¶ 10. On March 28, 2018, Plaintiff appeared for a deposition in connection with the case, and admitted that she only saw Dr. Kuttner for an evaluation and three treatment sessions, and that she had no future appointments scheduled with any psychologists in connection with the 2015 accident. Def. Statement at ¶ 37–38.

At some point in early 2019, a dispute arose between the parties regarding Plaintiff's authorization of a further release of mental health records from one of her

treatment providers. Def. Statement at ¶ 41–42. The parties exchanged letters, and in Plaintiff's response to Defendants request for additional authorizations, Plaintiff's counsel wrote:

> We will not provide you with an authorization permitting you to obtain alcohol/drug treatment, mental health information, or HIV-related information from URMC Neuromedicine Pain Management. Plaintiff has not alleged any injuries involving alcohol/drug treatment, mental health treatment (other than garden variety emotional distress), or HIV.

Def. Statement (Ex. J), 105, Mar. 16, 2020, ECF No. 47-1. The matter was eventually resolved, and fact discovery closed on May 24, 2019. Am. Sched. Order, Apr. 2, 2019, ECF No. 33.

On July 5, 2019, Plaintiff was hospitalized under a mental health warrant, after she had threatened self-harm while inebriated. Pl. Statement at ¶ 58. On August 30, 2019, copies of the records of that hospitalization were turned over to Defendants. Pla. Statement at ¶ 57. Following her July 2019 hospitalization, Plaintiff began a new mental health treatment program at Unity Mental Health. Pla. Statement at ¶ 60.

During a pre-mediation telephone call held on January 23, 2020, Plaintiff advised Defendants that Plaintiff's July 2019 hospitalization and subsequent mental health treatment program with Unity Mental Health were a result of her 2015 motor vehicle accident. Def. Statement at ¶ 64. Plaintiff then provided the Unity Mental Health records via email. Def. Statement at ¶ 66. An unsuccessful settlement conference was held on January 24, 2020. Def. Statement at ¶ 73. On January 30, 2020, Plaintiff submitted additional supplemental responses to Defendants' interrogatories, alleging that she sustained psychological injuries as a result of the 2015 accident pursuant to Rule 26,

4

including "major depressive disorder," "post-traumatic stress disorder," and "anxiety." Def. Statement at ¶ 74.

On February 19, 2020, Defendants moved to file a motion for partial summary judgment under seal. Mot. to Seal, Feb. 19, 2020, ECF No. 42. Plaintiff's opposed the motion, and Defendants' motion to seal was denied. Order, Mar. 13, 2020, ECF No. 46. The motion for partial summary judgment presently before the Court was filed on March 16, 2020. Mot., Mar. 16, 2020, ECF No. 47. In their motion for partial summary judgment, Defendants seek either that Plaintiff be precluded from making any claim of emotional, behavioral, psychiatric, or non-physical injuries, or that Defendants be granted summary judgment on such claims due to Plaintiff's failure to show causation, or that discovery be re-opened and Defendants be awarded attorney fees costs for the additional discovery.

At oral argument on Defendants' motion, Defendants argued that Plaintiff has failed to point to any evidence in the record that shows any emotional, behavioral, psychiatric, or non-physical injuries were caused by the October 2015 accident. In response, Plaintiff indicated that she could show such injury through the testimony of Dr. Langfitt and Dr. Kuttner, who saw Plaintiff in 2017, and the testimony of her providers at Unity Health who began to treat Plaintiff in 2019 after her hospitalization. Plaintiff indicated that she has not yet procured an affidavit from Unity Health to support her opposition to Defendants' motion because Unity Health has a policy not to sign affidavits, but to provide testimony only if served with a subpoena. Nevertheless, Plaintiff argued that Dr. Kuttner's 2017 evaluation demonstrates causation, as did treatment records from Unity Health from January and May of 2020 that are already

5

part of the record. The Court therefore directed Plaintiff "to submit an Affidavit from Dr. Michael Kuttner . . . affirming that in the course of his evaluation and treatment of plaintiff in 2017, he diagnosed with a reasonable degree of certainty that she was suffering from post-traumatic stress disorder (or some other emotional, behavioral, psychiatric, and/or non-physical injury) that was caused by the motor vehicle accident in 2015 . . . ." Min. Entry, Aug. 6, 2020, ECF No. 58.

Thereafter, Plaintiff submitted a declaration from Dr. Kuttner that stated, in pertinent part:

> 3. In October 2017, I evaluated [Plaintiff] for possible behavioral pain management in her neck and shoulder pain which she attributed to a motor vehicle collision which occurred in October [2015] in which she was reportedly rear-ended . . . .
>
> 5. My assessment of [Plaintiff]'s condition at that time was that she had developed a strong chronic pain syndrome as a result of the motor vehicle collision and that she met the criteria for suffering from post traumatic stress disorder.
>
> 6. I believed that the injuries suffered in the motor vehicle collision with related loss of functional capacity, endurance, pain and suffering led to an increase in anxiety and depression.
>
> 7. I believed that these conditions were directly related to the motor vehicle collision of October 2015 . . . .
>
> 10. As of the last date of treatment, I believed that [Plaintiff] continued to suffer from chronic pain syndrome, post traumatic stress disorder, anxiety, and depression as a result of the motor vehicle collision of October 2015.

Decl., Aug. 13, 2020, ECF No. 60. Defendants maintain that Dr. Kuttner's declaration does not raise a genuine dispute sufficient to overcome the summary judgment motion, and that "there is no genuine, sustainable basis in this case upon which a factfinder could

6

reasonably and non-speculatively conclude that this Plaintiff's psychiatric complaints beginning in 2019 are in any way attributable to the 2015 motor vehicle accident." Reply, ¶ 4 and 11, Aug. 26, 2020, ECF No. 62.

## DISCUSSION

In the motion presently before the Court, Defendants make three primary arguments. First, Defendants argue that Plaintiff should be precluded from making any claim of emotional, behavioral, psychiatric, or non-physical injuries because she failed to timely disclose any such injuries. Second, Defendants argue that if Plaintiff is not precluded from making a claim of such injuries, that the Court should grant Defendants partial summary judgment on those claims due to Plaintiff's failure to demonstrate the element of causation. Third, Defendants argue that if Plaintiff is not precluded from making a claim of such injuries, and if Defendants are not awarded partial summary judgment on such claims, that the Court should re-open discovery and require that Plaintiff pay Defendants' costs and attorney fees for the additional discovery required.

<u>Preclusion under Fed. R. Civ. P. 37</u>

Defendants argue Plaintiff's failure to bring forward any specific claims of emotional, behavioral, psychiatric, or non-physical injuries suffered in the October 2015 accident with Defendants until January 23, 2020 violated the rules of discovery under Federal Rule of Civil Procedure 26(e), and should preclude her from pursuing those claims in this action pursuant to Rule 37(c).

Rule 26(e) of the Federal Rules of Civil Procedure states:

> A party who has responded to an interrogatory, request for production, or request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Under Rule 37(c), a party's failure to supplement an earlier discovery response in accordance with Rule 26(e) is sanctionable. Specifically, Rule 37(c) provides that a party who fails to supplement is not allowed to use that information to supply evidence "on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." The imposition of such sanctions is at the Court's discretion. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296–297 (2d Cir. 2006).

For her part, Plaintiff argues that she complied with Rule 26(e). First, Plaintiff points out that she disclosed her sessions with Dr. Langfitt and Dr. Kuttner, and provided medical records from her 2017 visits, well before the discovery deadline. *See, e.g,* Def. Statement at ¶ 24 (stating that "in late 2017, Plaintiff's counsel disclosed that the Plaintiff had consulted with two psychologists, Dr. John T. Langfitt, Ph.D., and Dr. Michael J. Kuttner, Ph.D."). In addition, she notes that the expert witness disclosure that she provided Defendants on June 25, 2019 identified Dr. Langfitt, Dr. Kuttner and her primary care physician as potential expert witnesses to testify to – among other ailments – major depressive disorder and post-traumatic stress disorder. *See* Pl. Statement (Ex. 16), 747, June 29, 2020, ECF No. 53. Lastly, with respect to her July 2019 hospitalization and subsequent mental health treatment program, Plaintiff argues that she "did not know she urgently needed additional treatment" for her emotional distress until her

8

hospitalization, and that she both disclosed the treatment records for that hospitalization and supplemented her interrogatory responses in a timely fashion. Resp., 10, June 29, 2020, ECF No. 51.

The Court finds that Plaintiff was not in violation of Rule 26(e). It is undisputed that Plaintiff's records from her evaluation and treatment by Dr. Longfitt and Dr. Kuttner, respectively, were disclosed "in late 2017," and that the relevant medical records were "collected and exchanged between the parties." Def. Statement at ¶ 24–25; Pla. Statement at ¶ 7. Moreover, although fact discovery closed on May 24, 2019, Plaintiff's disclosure of the records from her July 2019 hospitalization was not untimely because it is undisputed that Plaintiff's attorney informed Defendants of the hospitalization in mid-July 2019, and there is no indication in the record that Plaintiff was not diligent in her attempts to secure and turn over the hospital records. Further, service of the supplemental responses on January 30, 2020 was not untimely and appears to have been preceded by a supplemental expert witness disclosure. Def. Statement (Ex. P), Mar. 16, 2020, ECF No. 47-1. As the Court has found no violation of Rule 26(e), the Court declines to impose any sanctions at this time, under Rule 37 or otherwise.

Partial Summary Judgment

Having declined to preclude Plaintiff's claims for emotional, behavioral, psychiatric and non-physical harm, the Court turns to the question of Defendants' entitlement to partial summary judgment under Rule 56. In support of their motion, Defendants argue that:

9

> Plaintiff does not, and cannot, meet her burden in this case to establish that any such non-physical complaints are an "injury substantially caused by" the 2015 motor vehicle accident. *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002) . . . .
>
> In this case . . . *all* the competent evidence firmly established, without exception, that the Plaintiff *did not* sustain any emotional, behavioral, psychiatric, or non-physical injuries as a result of the 2015 motor vehicle accident. There is no testimony, evidence, or even an allegation to the contrary.

Def. Mem. of Law, 12, Mar. 16, 2020, ECF No. 47-2. In short, Defendants argue that Plaintiff cannot show causation between the October 2015 accident and Plaintiff's diagnosis and treatment for emotional, behavioral, psychiatric and non-physical injuries.

It is well settled that summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "A party asserting that a fact . . . cannot be genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1).

Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The non-movant cannot oppose a properly-supported summary judgment motion with bald assertions that are not supported by the record. *See, Bickerstaff v. Vassar Coll.*,

N.Y.2d 579, 585 (1994). As indicated above, Dr. Kuttner submitted a declaration on August 16, 2020 affirming that his assessment in 2017 was that due to the October 2015 accident, Plaintiff met the criteria for suffering from post traumatic stress disorder and had experienced an increase in anxiety and depression. Decl., ECF No. 60 at ¶ 5–10; *see also* Ex. G., 80–82, Mar. 16, 2020, ECF No. 47-1. The Court disagrees with Defendants' characterization of this evidence as insufficient as a matter of law to demonstrate causation. Accordingly, Defendants' motion for partial summary judgment is denied.

Discovery and Attorney Fees

Lastly, Defendants ask this Court to re-open discovery and award costs and attorney fees for the additional work they will have to do to regarding these claims. Plaintiff agrees that discovery should be re-opened to allow "Defendants to explore the new dimensions of the emotional distress claim. Mem. of Law, 20, June 29, 2020, ECF No. 51-3. Accordingly, the Court grants Defendants' request to reopen discovery. However, as the Court has not found any wrongdoing on the Plaintiff's part, the Court sees no grounds for imposing costs or attorney fees at this time.

## CONCLUSION

For the reasons discussed above, the Defendants' motion for partial summary judgment is denied in part and granted in part. It is hereby

ORDERED that Defendants' application to preclude Plaintiff's claims for emotional, behavioral, psychiatric or non-physical injury under Fed. R. Civ. P. 37 is denied; it is further

ORDERED that Defendants' motion for partial summary judgment on Plaintiff's claims for emotional, behavioral, psychiatric or non-physical injury is denied; it is further

ORDERED that Defendants' request for costs and attorney fees is denied; and it is further

ORDERED Defendants' request to re-open discovery is granted. In that regard, Defendants are directed to contact the Magistrate Judge by letter within fourteen (14) days of the entry of this Decision and Order to identify the additional discovery that is required, and to request an amended scheduling order.

SO ORDERED.

Dated:     November 5, 2020
           Rochester, New York

                                              _____
                                              CHARLES J. SIRAGUSA
                                              United States District Judge

13